IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANDREW KUMMEROW,

                Plaintiff,                  OPINION AND ORDER

    v.                                                       21-cv-635-wmc

OHAWCHA.ORG,
WENDY FROMM, and
HER SUPERVISORS,

                Defendants.

*Pro se* plaintiff Andrew Kummerow claims that defendants violated the Fair Housing Act by (1) discriminating against him based on his sexual orientation, (2) failing to maintain his apartment in healthy and safe conditions, and (3) then retaliating against him when he complained. Kummerow's amended complaint (dkt. #4), which is now the operative pleading in this case, is ready for screening as required by 28 U.S.C. § 1915(e) to determine whether any portion is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the court concludes that Kummerow's current allegations fail to state a claim upon which relief can be granted, but he will be given a brief opportunity to amend his complaint as outlined below.

In addition, since filing his amended complaint in November of 2021, Kummerow has filed several motions requesting that the court take quick action, which the court will now deny as moot, having now screened his amended complaint. (Dkt. ##7, 8, 11, 12, 13.) The court must also address plaintiff's most recent communications to the court suggesting that he is currently facing a mental health crisis that requires professional

intervention. The court is extremely sympathetic to the hardships plaintiff has endured, and *strongly* encourages him to seek out assistance in his local area for any urgent health and welfare needs, or the National Suicide Prevention Lifeline (1-800-273-8255) if he reaches a crisis point. However, this court is not in a position to provide the type of emergency intervention Kummerow appears to be seeking for a variety of reasons, not the least of which is that the court both lacks the authority *and* is obviously ill-equipped to do so. Even more immediately, plaintiff does not appear to have provided the court with his current address, and plaintiff should not use his submissions to the court as a stand-in for seeking direct, emergency medical or mental health care locally. Thus, plaintiff is advised that any future communications suggesting to the court that he intends to commit self-harm or is at risk of injury will be forwarded directly to the local authorities, if the court is able to discern his location, so that the appropriate officials can follow up as appropriate to ensure his safety, and if necessary, access to the appropriate medical and/or mental health interventions.

ALLEGATIONS OF FACT[1]

Kummerow, a Wisconsin citizen who identifies as LGBT, is disabled and receives supplemental security income. In April 2020, Kummerow rented an apartment in a building located at 530 North Main Street in Oshkosh, Wisconsin through defendant Ohawcha.org -- the Oshkosh / Winnebago County Housing Authority ("Ohawcha").

---

[1] Consistent with its obligations to any *pro se* litigant, the court assumes the following facts based on a generous reading of the allegations in Kummerow's amended complaint, supplemental filings, and exhibits, and all reasonable inferences. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972).

Defendant Wendy Fromm managed the property.

Kummerow alleges that the building was infested with cockroaches, and he attached photographs to the amended complaint that appear to show cockroaches in his apartment. Kummerow also attached screenshots of what appear to be excerpts of emails or messages complaining to Fromm and others about roaches, faulty wiring, excessive noise and smoky odors from a nearby unit. The amended complaint does not make clear what, if any, remedial measures were taken by defendants in response, although Kummerow notes in a December 2020 email to Fromm that the "bugs have been cleaned." (Dkt. #4-2 at 4.)

In November 2020, Kummerow allegedly received an informational letter from Fromm concerning the annual rent recertification process. (Dkt. #4-2 at 21.) The letter began by stating Kummerow's correct name and address, but then referred to him as "Francesca." (*Id.*) Kummerow found this salutation insulting and a "discriminatory act." (Dkt. #4 at 1.) When Kummerow emailed Fromm about the letter, she apologized for failing to "change the name on the standard letter we use for the agency" and promised to send a corrected copy. (Dkt. #4-2 at 22.)

Regardless, by February 15, 2021, Kummerow had left the apartment, stating in an email to Fromm that defendants had failed to "maintain [the] property." (Dkt. #4-2 at 12.) However, when Kummerow tried to rent another apartment through a different public housing authority (dkt. #4-2 at 1), his application for rent assistance was denied, ostensibly because of an unpaid $1,477 debt assessed by Ohawcha, a negative reference from Ohawcha, and "failing to return requested documents." (*Id.*) Kummerow also alleges that defendants unsuccessfully sought a restraining order against him in Wisconsin state

3

courts. (Dkt. #11.)

Kummerow claims all of these actions by defendants were retaliatory and have caused him severe emotional distress, homelessness, and forced him to leave this state for Colorado to train as a fireman and first responder. (Dkt. #4 at 2, #6, #8 at 4.) Accordingly, Kummerow requests damages, as well as that his debt to Ohawcha and its negative tenant reference be removed from his record.

OPINION

Plaintiff invokes this court's jurisdiction solely under 28 U.S.C. § 1331. Having reviewed plaintiff's amended complaint, supplemental filings and exhibits, the court understands him to be claiming broadly that defendants failed to provide healthy and safe housing, discriminated against him because he is LGBT, and retaliated against him for his complaints about his housing conditions, all in violation of the Fair Housing Act, 42 U.S.C. § 3604 ("FHA"). The court will address each theory of liability in turn, explaining why his allegations to date do not state a viable claim for relief under the FHA.

I. Unnamed, "Supervisor" Defendants

As an initial matter, plaintiff's amended complaint refers to a group of additional defendants "her supervisors," which the court takes to mean Fromm's supervisors. However, plaintiff alleges no specific acts against any one of these unnamed defendants. Plaintiff may not rely on "[v]ague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct." *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008). In particular, liability under

§ 1983 is premised on personal involvement, *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996), not on one's supervisory role over others alone, *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). *See also Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (to be liable, a supervisory defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye").

Moreover, as currently pleaded, the complaint fails to give this unnamed group of defendants notice of what plaintiff believes they each did to violate his rights, *see* Fed. R. Civ. P. 8(a)(2) (a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief"), nor can the court draw the inference that any of these defendants are liable for the misconduct alleged. Accordingly, plaintiff cannot proceed against the unidentified supervisors as a group, but may seek to amend his complaint should he have a factual basis for adding someone else as a defendant based on their own, personal involvement in any of the specific actions giving rise to his claims.

## II. Named Defendants Ohawcha and Fromm

### A. Habitability of the apartment

Turning to the remaining, named defendants, the FHA protects people from discrimination when they are renting or buying a home, getting a mortgage, seeking housing assistance, or engaging in other housing-related activities. However, the statute does *not* authorize plaintiff to sue defendants in federal court for claims related to the habitability of the Oshkosh apartment.[2] *See Cooper v. Off. of the Sec'y*, No. 16-cv-811-wmc,

---

[2] Plaintiff's allegations of unsanitary conditions also do not implicate the constitution or the U.S. Housing Act, 42 U.S.C. § 1437 *et seq.* For one, the Constitution does not guarantee "access to

5

2017 WL 4736749, at *2 (W.D. Wis. Oct. 19, 2017) (plaintiff could not proceed under the FHA on claim that the development authority rented her an apartment infested with insects and rodents); *Ross v. Midland Mgmt. Co.*, No. 02-c-8190, 2003 WL 21801023, at *4 (N.D. Ill. Aug. 1, 2003) ("The FHA also does not create a private right of action to ensure habitability[.]"). Instead, landlord-tenant law is traditionally the province of the states, meaning that plaintiff *may* have a remedy in state court, or in a state or federal administrative proceeding, concerning the conditions of his dwelling, but not in federal court.[3]

## B. Discriminatory motive

Plaintiff next alleges that Fromm discriminated against him because of his sexual orientation. The FHA allows for a plaintiff to bring a claim for discrimination in housing-related activities on the basis of several, prohibited grounds, including race, color, religion, sex, familial status, national origin, and disability. For example, it is unlawful to refuse to negotiate the rental of a dwelling or to represent falsely that a dwelling is unavailable because of a person's membership in one of these specified categories. 42 U.S.C. § 3604. Nor are the pleading requirements to state a discrimination claim under the FHA stringent:

---

dwellings of a particular quality." *Lindsey v. Normet*, 405 U.S. 56, 74 (1972). For another, the Housing Act does not provide a private right of action that would permit plaintiff to challenge the conditions of Ohawcha-operated housing in federal court. *See Hill v. Richardson*, 7 F.3d 656, 658 (7th Cir. 1993) (the USHA creates no private right of action); *Davis v. Sellas*, 580 F. App'x 467, 467 (7th Cir. 2014) (holding that USHA does not "create a private right of action for tenants to sue landlords who provide subpar maintenance"); *Cooper v. Off. of the Sec'y*, No. 16-cv-811-wmc, 2017 WL 4736749, at *2 (W.D. Wis. Oct. 19, 2017) (collecting similar cases).

[3] Should he wish to pursue any of these rights, plaintiff may want to consult his local tenant union for guidance.

a plaintiff need only identify the type of discrimination, by whom, and when. *See Swanson v. Citibank, N.A.,* 614 F.3d 400, 405 (7th Cir. 2010) ("Swanson's complaint identifies the type of discrimination that she thinks occurs (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan). This is all that she needed to put in the complaint.").

That said, plaintiff's allegations still fall short. Certainly, plaintiff identifies as LGBT, which the court will presume falls within the FHA's sex discrimination provisions. *See Wetzel v. Glen St. Andrew Living Community, LLC*, 901 F.3d 856, 862 (7th Cir. 2018) (upholding lesbian's harassment claim as being covered by the FHA's ban of sex discrimination); U.S. Dep't of Hous. & Urban Dev., Implementation of Executive Order 13988 on the Enforcement of the Fair Housing Act (Feb. 11, 2021) (interpreting the FHA's prohibition on sex discrimination to include discrimination because of sexual orientation); *cf. Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1737 (2020) (holding that Title VII's prohibition of sex discrimination covered sexual orientation and gender identity).

However, plaintiff merely alleges that Fromm discriminated against him on that unlawful ground when she referred to him as "Francesca" in the salutation of a November 2020 agency letter. While plaintiff may well have been personally offended by Fromm's use of an incorrect, female name, and for purposes of pleading the court will not credit Fromm's explanation for doing so, the court is still hard-pressed to infer discriminatory animus or intent from what appears to be a stray remark wholly unrelated to his issues with the apartment. *See Swanson,* 614 F.3d at 405 (plaintiff alleged racial discrimination

7

"in connection with [plaintiff's] effort in early 2009 to obtain a home-equity loan"). More fundamentally, plaintiff offers *no* allegations suggesting Fromm was even aware that he identified as LGBT before sending the offending letter, let alone that plaintiff's sexual orientation was Fromm's *motivation* for violating any of his rights under the FHA. While a complaint need only give a defendant "fair notice" of a claim and the grounds upon which it rests, a plaintiff's pleading obligation "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Without more, plaintiff cannot proceed on this theory of liability under the FHA.[4]

### C. Retaliatory motive

Finally, plaintiff's current allegations are insufficient to proceed on a retaliation claim under the FHA. To begin, the FHA prohibits actions intended "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. Sections 3603, 3605, and 3606 are not relevant to this matter at all since they deal with the types of properties covered by the FHA, real-estate transactions, and brokerage services. However, as previously discussed, section 3604 prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national

---

[4] Plaintiff also appears to allege that Fromm's use of "Francesca" was a racial slur, but his allegations wholly fail to give rise to a reasonable inference of discrimination based on race as well. In particular, plaintiff does not even allege his race in the amended complaint.

origin." 42 U.S.C. § 3604(b). Thus, "[i]f a landlord retaliates against a tenant or prospective tenant for exercising their rights under [that provision], then that person may have a retaliation claim under the Fair Housing Act." *Johnson v. Flannery*, Case No. 3:21-cv-50421, 2022 WL 103710, at *2 (N.D. Ill. Jan. 11, 2022) (citing *Wetzel*, 901 F.3d at 868).

To prove retaliation, therefore, a plaintiff must show that: (1) he engaged in protected activity; (2) he suffered an adverse action; and (3) there was a causal connection between the two. *Wetzel*, 901 F.3d at 868. Unfortunately, plaintiff's claim fails at the first element. In particular, the court understands plaintiff to be alleging that defendants retaliated against him for complaining about his apartment by assessing him a $1,477 penalty, giving him a negative tenant reference, and seeking a restraining order. Moreover, "protected activity" as defined by the FHA includes the filing of complaints with federal or local housing authorities, or even less formal means of protest, so long as the complaint is related to unlawful discrimination. *See Riley v. City of Kokomo*, 909 F.3d 182, 192 (7th Cir. 2018) (noting that the FHA's statutory mandate is to prohibit discriminatory housing practices, and the FHA therefore "protects an individual's ability to report a discriminatory housing practice to a housing provider or other appropriate authority").

However, complaints to HUD or the local housing authority about general conditions of an apartment or even mismanagement of the apartment complex are *not* considered related to unlawful discrimination. *See id.* (finding no evidence at summary judgment that the plaintiff reported a discriminatory housing practice as opposed to reporting a failure to adhere to certain procedures); *McFarland v. Hous. Auth. of Racine Cnty.*,

9

Case No. 21-cv-299-jps, 2022 WL 204624, at *4 (E.D. Wis. Jan 24, 2022) (plaintiff's allegation that her landlord ended her tenancy after she complained about her home's foundation was insufficient to state an FHA retaliation claim); *Johnson*, 2022 WL 103710, at *2 (dismissing at screening plaintiff's FHA claim that he was retaliated against for reporting his landlord to the local health department for failure to provide appropriate living conditions); *Norman v. Nw. Indiana CA Section 8*, No. 2:21-cv-158-tls-jem, 2021 WL 4363012, at *4 (N.D. Ind. Sept. 24, 2021) (failure to state an FHA retaliation claim where plaintiff "does not allege nor can it be reasonably inferred that she complained about a discriminatory housing practice"). In fairness, plaintiff also complained to Fromm about her referring to him by an incorrect name in an agency letter, but plaintiff has not alleged that when he corrected Fromm he complained of discriminatory conduct.

Although the court is sympathetic to the hardships plaintiff describes, he cannot proceed on any of his federal claims of liability, at least as currently pleaded. Even so, the Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving him the chance to amend the complaint. *Felton v. City of Chi.*, 827 F.3d 632, 636 (7th Cir. 2016). Accordingly, plaintiff may have a brief, one-month window of time to submit a proposed amended complaint that corrects the deficiencies related to at least one of his proposed discrimination and retaliation claims as described above or some new, viable federal claim that plaintiff has a good-faith basis to assert. To the extent plaintiff disagrees with how the court has construed his claims and allegations in this order, he may also clarify both in his amended pleading.

When drafting, plaintiff should include *all* of his factual allegations in *one* document,

setting legal argument aside, and refraining from inserting website links. *See Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (noting that complaints "initiate the litigation," and "legal arguments come later"). Plaintiff should also draft any additional, amended complaint as if he were telling a story to someone who knows nothing about the events at hand, focusing on: providing a timeline of the materials events; identifying the specific defendants who are being sued; and describing the specific, personal *actions* by each defendant that plaintiff believes violated his rights.

Should plaintiff timely submit a proposed, amended complaint, the court will screen it and determine whether this case may proceed further. Failure to do so with thirty (30) days will result in dismissal of his claims with prejudice.

ORDER

IT IS ORDERED that:

1) Plaintiff Andrew Kummerow's motions requesting expedited action on his amended complaint (dkt. ##7, 8, 11, 12, 13) are DENIED as moot.

2) Plaintiff's amended complaint is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure 8. Plaintiff has until **April 25, 2022**, to file an amended complaint that corrects the deficiencies described above. Plaintiff's failure to file an amended complaint by that deadline will cause the court to dismiss his claims **with** prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 24th day of March, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

11