IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANDREW KUMMEROW,

                Plaintiff,                OPINION AND ORDER

    v.                                                21-cv-635-wmc

OHAWCHA.ORG,
WENDY FROMM,
and HER SUPERIORS,

                Defendants.

*Pro se* plaintiff Andrew Kummerow claims that defendants violated the Fair Housing Act ("FHA") by: (1) discriminating against him based on his sexual orientation; (2) failing to maintain his apartment in a healthy and safe condition; and (3) retaliating against him when he complained. He also alleges that defendants violated the Hate Crimes Statistics Act ("HCSA"). The court previously dismissed Kummerow's complaint without prejudice for failure to state a claim and allowed him an opportunity to file an amended complaint. (Dkt. #16.) In response, Kummerow asks that I recuse myself from this case (dkt. #23) and submitted an assortment of supplemental filings, which the court will consider together as his amended complaint (dkt. ##18, 19, 20, 21, 22, 23). Even so, because Kummerow fails to fix the problems identified in the court's previous order, and there is no basis for recusal, the court will deny him leave to proceed and dismiss this case with prejudice.

OPINION

Kummerow's supplemental, piecemeal filings are hard to follow, but the court understands that his claims arise from defendants' alleged failure to ensure the habitability

of his apartment and use of the name "Francesca" in a letter addressed to Kummerow. He renews his allegations that defendants failed to maintain the habitability of the apartment, and his claims that defendants have violated the FHA by discriminating and retaliating against him, as well as asserts a new claim that defendants violated the HCSA. Finally, in his supplemental filings, Kummerow argues that I should recuse myself because my previous order was evidence of "non-neutrality." (Dkt. #23.) I will address this latter issue first, then turn to screening his amended complaint.

I. Recusal

Apparently, Kummerow is claiming bias against him because I found that his original complaint had not stated a claim for discrimination under the FHA. Under 28 U.S.C. § 455(a), I am required to recuse myself from "any proceeding in which [my] impartiality might reasonably be questioned." However, not finding in Kummerow's favor in a previous ruling is *not* a basis for recusal. See *Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that an adverse judicial ruling, by itself, does not provide a valid basis for questioning a judge's impartiality). Nor am I aware of any other basis for my recusal in this matter. Therefore, this motion will be denied.

II. Kummerow's renewed claims

Previously, the court dismissed Kummerow's claims about the habitability of the apartment because the FHA does not authorize a plaintiff to file those claims in *federal* court. (Dkt. #16 at 5-6.) In his supplemental filings, Kummerow renews his habitability complaints by alleging a violation of Wisconsin Administrative Code ATCP § 134.04(2),

as well as disturbances such as noise, odors, and bugs that interrupted his quiet enjoyment of his apartment. As explained in this court's previous order, however, the FHA does not authorize Kummerow to bring suit in federal court for claims related to habitability, and his allegations of unsanitary conditions do not implicate the constitution. (Dkt. #16 at 5-6 (citing *Cooper v. Off. of the Sec'y*, No. 16-cv-811-wmc, 2017 WL 4736749, at *2 (W.D. Wis. Oct. 19, 2017))).

Kummerow's original claim of discrimination under the FHA was also dismissed because he based it on a stay remark wholly unrelated to his issues with the apartment and failed to plead that defendant Fromm was plausibly aware of Kummerow's protected status or that Kummerow's status was the motivation for violating any of his rights under the FHA. (Dkt. #16 at 6-8.) In his supplemental filings, Kummerow chooses to double down on this claim as well, arguing that he is not required to disclose his sexual orientation to "everyone." (Dkt. #19 at 2.) While the court agrees that Kummerow need not disclose his sexual orientation, an element of an FHA discrimination claim requires he allege that defendant Fromm *knew* of his sexual orientation to claim discrimination against him on that basis. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 406 (7th Cir. 2010) (requiring plaintiff to plead that defendant knew her race). Again, Kummerow does not make this allegation. Moreover, as discussed in this court's previous order, the mistaken use of the name "Francesca" on a single letter addressed to Kummerow, by itself, does not give rise to a plausible inference of such discrimination. (Dkt. #16 at 7-8.)

As for his FHA retaliation claim, Kummerow appears to have abandoned it. Regardless, to the extent he has not, Kummerow does nothing to rectify the issues

concerning that claim that the court highlighted in its previous order. Importantly, Kummerow has failed to allege that he engaged in protected activity. *See Wetzel v. Glen St. Andrew Living Community, LLC*, 901 F.3d 856, 868 (7th Cir. 2018) (holding that a plaintiff must show that: 1) they engaged in protected activity; 2) they suffered an adverse action; and 3) there was a causal connection between the two). In particular, his complaint to Fromm after she used the name "Francesca" in a letter addressed to him does not amount to protected activity, and the court found no other allegations of protected activity in his supplemental filings.

### III. Kummerow's HCSA claim

Finally, Kummerow highlights a portion of the HCSA in his supplemental filings to suggest that defendants have committed a "hate crime." (Dkt. ##20 at 2; 21 at 1, 5.) There are at least two reasons why this court is unable to consider these claims as well. *First*, plaintiffs "generally cannot bring claims for a violation of a criminal statute in a private civil cause of action." *Lockhart v. HSBC Fin. Corp.*, No. 13 C 9323, 2014 WL 3811002, at *8 (N.D. Ill. Aug. 1, 2014). *Second*, the HCSA expressly declares that it does *not* "create a cause of action or a right to bring an action." 34 U.S.C. § 41305(b)(3). Therefore, Kummerow cannot proceed on these claims either.

### IV. Dismissal with Prejudice

The Seventh Circuit has advised that courts generally give *pro se* litigants an opportunity to amend a complaint that is deficient. *See* Fed. R. Civ. P. 15(a); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). However, "if it is clear that any

4

amendment would be futile," courts need not grant leave to amend. *Bogie v. Rosenberg*, 705 F.3d 604, 608 (7th Cir. 2013). Despite a second opportunity, Kummerow's supplemental filings failed to fix any of the problems identified in this court's previous order, and the court concludes that any further attempts to state a claim would be futile.

As the court advised Kummerow in its previous order, landlord-tenant law is traditionally the province of the states, meaning that he may have a remedy in state court or in a state administrative proceeding concerning the conditions of his apartment, but not in federal court. (Dkt. #16 at 5-6.) Therefore, the court will dismiss the amended complaint with prejudice and close this case.

## ORDER

IT IS ORDERED that:

1) Plaintiff Andrew Kummerow's motion for recusal (dkt. #23) is DENIED.

2) Plaintiff's motion to amend the caption (dkt. #19) is DENIED as moot.

3) Plaintiff is DENIED leave to proceed, and this case is DISMISSED with prejudice.

Entered this 27th day of November, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge